## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

| | |
|---|---|
| CHRISTOPHER W. BROWN, *on behalf of himself and all individuals similarly situated*,<br>10642 Bristow Station Drive<br>Bristow, VA 20136<br><br>  Plaintiff,<br><br>v.<br><br>TRANSUNION RENTAL SCREENING SOLUTIONS, INC.,<br>Serve: Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808<br><br>  Defendant. | Civil Action No. 8:21-cv-889 |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Christopher W. Brown ("Plaintiff"), *on behalf of himself and all individuals similarly situated*, by counsel, and for his Class Action Complaint against Defendant TransUnion Rental Screening Solutions, Inc. ("Defendant" or "TURSS"), he alleges as follows:

## INTRODUCTION

1. This is a class action for damages, costs and attorneys' fees brought against TURSS pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA").

2. TURSS is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It sells consumer reports generated from its database and furnishes these consumer reports to landlords who use the reports to make decisions regarding whether to rent to certain consumers.

3. TURSS falsely reported criminal records to Plaintiff's potential landlord that should not have been included in Plaintiff's report because the records were expunged.

4. TURSS's inaccurate reporting cost Plaintiff his ability to rent the property of his choice, causing him injury, including emotional distress, embarrassment, inconvenience, anxiety, fear of homelessness, and financial loss.

5. TURSS's inaccurate reporting would have been easily avoided had it consulted the current public record prior to issuing Plaintiff's report to his prospective landlord.

6. TURSS does not employ reasonable procedures to ensure the maximum possible accuracy of the information it reports regarding consumers. Its failure to employ reasonable procedures resulted in Plaintiff's report being inaccurate.

7. As a result of Defendant's conduct, Plaintiff, on behalf of himself and a class of similarly situated individuals, brings a claim for failure to use reasonable procedures to ensure maximum possible accuracy based on § 1681e(b) of the FCRA.

## JURISDICTION & VENUE

8. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

## PARTIES

10. Plaintiff is a natural person.

11. TURSS is a Delaware corporation doing business throughout the United States, including in the State of Maryland, and has a principal place of business located at 5889 South Greenwood Plaza Boulevard, Suite 201, Greenwood Village, CO 80111. TURSS is a wholly-owned subsidiary of TransUnion, LLC, which is wholly owned by TransUnion Intermediate Holdings, Inc.

## THE FCRA'S PROTECTIONS FOR HOUSING APPLICANTS

12. Despite its name, the Fair Credit Reporting Act covers more than just credit reporting. It regulates all consumer reports such as the tenant screening report prepared in Plaintiff's name.

13. Background checks, including tenant screening reports, are "consumer reports," and providers of background checks like TURSS are "consumer reporting agencies" governed by the FCRA. 15 U.S.C. §§ 1681a(d), (f).

14. The FCRA provides a number of protections for housing applicants who are subject to background checks.

15. The FCRA imposes duties on consumer reporting agencies to ensure that consumer reports are accurate and that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

16. Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

## FACTS

17. In or around February 2020, Plaintiff applied to rent a home.

18. The property manager for the desired housing obtained a copy of Plaintiff's credit report as a part of its consideration of his rental application.

19. On or about February 22, 2020, the property manager obtained a consumer report regarding Plaintiff from TURSS (the "Report"), which included a compilation of information regarding Plaintiff including personal information and criminal records.

20. The Report is a consumer report regulated by the FCRA.

21. The Report included false information about a criminal case concerning Plaintiff, including multiple charges, which should not have been included in Plaintiff's credit report.

22. The Report included information regarding the nature of the charges for case number 6D00343573 in the District Court for Montgomery County- Criminal System, including two charges for violation of a protective order and one charge for destruction of property.

23. However, these charges should not have been included in the Report because all record of case number 6D00343573 were expunged. Thus, TURSS's reporting of the expunged criminal charges was false.

24. Indeed, a simple search of the Maryland Judiciary Case Search, which is available online, confirms that case number 6D00343573 no longer exists. Additionally, a search of Plaintiff's name on the Maryland Judiciary Case Search also establishes that no such charges are associated with Plaintiff in Maryland's judicial records. Accordingly, any member of the public who took a five-minute cursory review of the public records available regarding Plaintiff could confirm the flaw in the Report.

25. It is indisputable that prior to supplying the Report about Plaintiff, TURSS failed to consult current public records in Montgomery County, Maryland, which indicate that the aforementioned criminal charges are nonexistent. Had TURSS actually consulted or obtained the underlying court records, it would have seen an obvious discrepancy in its outdated records and the current judicial records.

26. TURSS has been sued many times for its failure to use reasonable procedures to assure that the rental-purposed consumer reports it sells are maximally accurate. TURSS knows that its process for obtaining and accurately reporting, updating, and investigating criminal public

records is so shoddy that it leads to material inaccuracies. TURSS's parent company, TransUnion, has been admonished by at least one federal court that it doesn't comply with the FCRA.

27. Among many other cases, for instance, a jury recently returned a verdict in favor of plaintiffs against TransUnion for its failure to use reasonable procedures to assure maximum possible accuracy in erroneously reporting that the plaintiffs in that case were terrorists, money launderers, and narcotics traffickers on the Office of Foreign Asset Control's "blocked persons" list. *Ramirez v. TransUnion, LLC*, No. 3:13CV632 (N.D. Cal.).

28. The injuries suffered by Plaintiff as a direct result of TURSS's erroneous reporting are the type of injuries that the FCRA was enacted to address. At common law, TURSS's conduct would have given rise to causes of action based on defamation and invasion of privacy.

29. As a direct result of TURSS's conduct, Plaintiff has suffered these injuries resulting in damages, including the inability to rent the unit he desired, the expenditure of time and money looking for another unit and trying to correct TURSS's erroneous Report; damage to his reputation; physical injury as a result of emotional distress; loss of sleep; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, frustration, humiliation, and embarrassment; and other losses that are continuing in nature.

### COUNT ONE:
### VIOLATIONS OF FCRA, 15 U.S.C. § 1681e(b)
### (CLASS CLAIM)

30. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

31. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for himself and on behalf of a class initially defined as:

> All individuals on whom TURRS prepared erroneous consumer reports including criminal records of Maryland state courts, where the information was expunged.

Plaintiff is a member of the class.

32. **Numerosity**. **Fed. R. Civ. P 23(a)(1).** The classes are so numerous that joinder of all class members is impracticable. Given the volume of Defendant's business, there are hundreds or thousands of class members.

33. **Predominance of Common Questions of Law and Fact**. **Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These common questions predominate over the questions affecting only individual class members. The common questions include: (1) whether Defendant violated the FCRA by failing to follow reasonable procedures to ensure maximum possible accuracy in reporting criminal convictions based on a name-only match; (2) whether Defendant's violations of the FCRA were willful; and (3) what is the proper recovery for Plaintiff and the class members against Defendant.

34. **Typicality**. **Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each putative class member. Plaintiff is entitled to relief under the same causes of action as the other members of the putative class. Additionally, Plaintiff's claims are based on the same facts and legal theories as each of the class members.

35. **Adequacy of Representation**. **Fed. R. Civ. P. 23(a)(4).** Plaintiff is adequate representatives of the putative class because their interests coincide with, and are not antagonistic to, the interests of the members of the class that they seek to represent. Plaintiff has retained counsel competent and experienced in such litigation and intends to continue to prosecute the action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the class. Neither Plaintiff nor his counsel has any interests that might cause them to not vigorously pursue this action.

36. **Superiority**. Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for members of the class individually to effectively redress the wrongs done to them. Even if the members of the class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

37. Defendant violated 15 U.S.C. § 1681e(b) by preparing a consumer report relating to Plaintiff without following reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

38. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its actions were in reckless disregard of the requirements of this provision. Thus, Defendant is liable for punitive damages pursuant to 15 U.S.C. § 1681n.

39. In the alternative, Defendant negligently violated 15 U.S.C. § 1681e(b), which entitles Plaintiff to a recovery under 15 U.S.C. § 1681o.

40. Pursuant to 15 U.S.C. § 1681o and § 1681n, Plaintiff is entitled to actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiff requests that the Court enter judgment on behalf of himself and the class he seeks to represent against Defendant for:

A. Certification for this matter to proceed as a class action;

B. Designating Plaintiff as the class representative;

C. Designating Plaintiff's counsel as counsel for the classes;

D. Issuing proper notice to the classes at Defendant's expense;

E. Determining that Defendant negligently and/or willfully violated the FCRA;

F. Awarding actual damages, statutory damages, and punitive damages as provided by the FCRA;

G. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

H. Granting such other or further relief as the Court deems proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
**CHRISTOPHER W. BROWN**

By: _____/s/ Kristi C. Kelly_____
Kristi C. Kelly, Esq. (No. 07244)
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572
(703) 591-0167 Facsimile
Email: kkelly@kellyguzo.com

*Counsel for Plaintiff*