**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**Atlanta Division**

_____

| | |
|---|---|
| **IN RE: TransUnion Rental Screening Solutions, Inc. FCRA Litigation** | **No. 1:20-md-02933-JPB**<br>**ALL CASES** |

_____

**ORDER GRANTING**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING**
**SETTLEMENT CLASSES, AND TERMINATING ALL ACTIONS**

Plaintiffs William Hall Jr, Chris Robinson, Jennifer Brown, Patricia McIntyre, Kaila Hector, William Aird and Ramona Belluccia, on behalf of themselves and all others similarly situated (hereinafter referred to as "Plaintiffs"), have submitted to the Court a Motion for Final Approval of the Settlement Agreement ("Final Approval Motion").

This Court has reviewed the papers filed in support of the Final Approval Motion, including the Settlement Agreement filed with Plaintiffs' Preliminary Approval Motion, the memoranda and arguments submitted on behalf of the Settlement Classes, and all supporting exhibits and declarations thereto, as well as the Court's Preliminary Approval Order. The Court held a Final Fairness Hearing on September 21, 2023, at which time the Parties and other interested persons were given an opportunity to be heard in support of and in opposition to the proposed settlement. Based on the papers filed with the Court and the presentations made at

the Final Fairness Hearing, the Court finds that the Settlement Agreement is fair, adequate and reasonable.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows**:

1. This Final Approval Order incorporates herein and makes a part hereof the Settlement Agreement and the Preliminary Approval Order. Unless otherwise provided herein, the capitalized terms used herein shall have the same meanings and/or definitions given to them in the Preliminary Approval Order and Settlement Agreement, as submitted to the Court with the Preliminary Approval Motion.

2. This Court has jurisdiction over the subject matter of this action, the Class Representatives, the Settlement Classes and Defendants.

**RULE 23(b)(2) SETTLEMENT CLASS**

3. In the Preliminary Approval Order, this Court previously certified, for settlement purposes only, a Rule 23(b)(2) Settlement Class defined as follows:

> All individuals in the United States about whom TURSS reported a Criminal Record and/or Landlord-Tenant Record to a third party from November 7, 2016 through the Injunctive Relief Termination Date.

4. Certification of the Rule 23(b)(2) Settlement Class is hereby reaffirmed as a final Rule 23(b)(2) Settlement Class pursuant to Fed. R. Civ. P. 23(b)(2). For the reasons set forth in the Preliminary Approval Order, this Court finds, on the record before it, that this action may be maintained as a class action on behalf of the Rule 23(b)(2) Settlement Class.

5. In the Preliminary Approval Order, this Court previously appointed Plaintiffs as class representatives, and hereby reaffirms that appointment, finding, on the record before it, that Plaintiffs have and continue to adequately represent the Rule 23(b)(2) Settlement Class Members.

## RULE 23(b)(3) SETTLEMENT CLASS

6. In the Preliminary Approval Order, this Court previously certified, for settlement purposes only, a Rule 23(b)(3) Settlement Class defined as follows:

(i) all individuals about whom TURSS reported a Criminal Record to a third party between November 7, 2016 and January 1, 2022 when TURSS had in its possession information about the age of the offender in the record where such age information indicated that the offender was older than the subject of the report based on the subject of the report's date of birth at the time of the report;

(ii) all individuals about whom TURSS reported a Criminal Record to a third party between May 14, 2019 and January 1, 2022, where at least one of the Criminal Records included in the report were derived from any jurisdiction in California, Florida, Texas, or Utah and did not contain a date of birth, Social Security Number, or street address associated with the criminal record;

(iii) all individuals about whom TURSS reported a Landlord-Tenant Record to a third party between May 14, 2019 and January 1, 2022 from any jurisdiction in Virginia or Pennsylvania but where subsequent review of public records by Class Counsel show that TURSS did not report a satisfaction, appeal, vacatur, dismissal, withdrawal, or other favorable disposition of such record that was recorded in the jurisdiction's public docket at least sixty (60) days prior to the date of the TURSS report containing such Landlord-Tenant Record;

(iv) all individuals from whom TURSS has a record of receiving a dispute between May 14, 2019 and January 1, 2022 related to TURSS's reporting of a Landlord-Tenant Record that TURSS categorized as "action date dispute," "case type/outcome dispute," "judgment amount dispute," or "other," and where the resolution was

categorized as "data modified," "data removed," "data suppressed," or "no record available"; and,

(v) all individuals from whom TURSS has a record of receiving a dispute between May 14, 2019 and January 1, 2022 related to TURSS's reporting of a Criminal Record that TURSS categorized as "record does not match," and where the resolution was categorized as "data suppressed."

7. Certification of the Rule 23(b)(3) Settlement Class is hereby reaffirmed as a final Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3). For the reasons set forth in the Preliminary Approval Order, this Court finds, on the record before it, that this action may be maintained as a class action on behalf of the Rule 23(b)(3) Settlement Class.

8. In the Preliminary Approval Order, this Court previously appointed Plaintiffs as class representatives for the Rule 23(b)(3) Settlement Class and hereby appoints Plaintiffs Hall, Brown and Belluccia, as class representatives for the Rule 23(b)(3) Settlement Class, finding on the record before it, that those Plaintiffs have and continue to adequately represent the Rule 23(b)(3) Settlement Class Members.

9. **CLASS COUNSEL APPOINTMENT** — In the Preliminary Approval Order, this Court previously appointed Leonard Bennett, Craig Marchiando of Consumer Litigation Associates, P.C., Kristi Kelly and Andrew Guzzo of Kelly Guzzo PLC, E. Michelle Drake and Joseph C. Hashmall of Berger Montague PC, James Francis, John Soumilas, Lauren KW Brennan of Francis Mailman Soumilas P.C., and Robert C. Khayat, Jr, of Khayat Law Firm as Counsel for the Settlement Classes and hereby reaffirms that appointment, finding, on the record before it, that Class Counsel have and continue to adequately and fairly represent Settlement Class Members.

10. **CLASS NOTICE** — The record shows, and the Court finds, that notice to the Rule 23(b)(2) Settlement Class and the Rule 23(b)(3) Settlement Class has been given in the manner approved by the Court in the Preliminary Approval Order. The Court finds that such notices (i) constituted the best notice practicable to the Settlement Classes under the circumstances; (ii) were reasonably calculated, under the circumstances, to apprise the Settlement Classes of the pendency of this action, the terms of the Settlement Agreement, their rights under the Settlement Agreement and deadlines by which to exercise them, and the binding effect of the Final Approval Order on the Rule 23(b)(2) Settlement Class Members, and those Rule 23(b)(3) Settlement Class Members who did not opt out; (iii) provided due, adequate and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the U.S. Constitution (including the Due Process Clause), Federal Rule of Civil Procedure 23 and any other applicable law.

11. Full opportunity has been afforded to members of the Rule 23(b)(2) Settlement Class and members of the Rule 23(b)(3) Settlement Class to participate in the Final Fairness Hearing. Accordingly, the Court determines that all Settlement Class Members, except the four individuals who have successfully opted out of the Rule 23(b)(3) Settlement Class, are bound by this Final Approval Order in accordance with the terms provided herein.

**FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

12. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the settlement as set forth in the Settlement Agreement, and finds the benefits to the Settlement Classes, and all other parts of the settlement are, in all

respects, fair, reasonable, and adequate, and in the best interest of the Settlement Classes, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of the Plaintiffs' claims and any defenses of Defendant, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Class Action Fairness Act.  Accordingly, the settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement, with each Settlement Class Member, except the four individuals who have successfully opted out of the Rule 23(b)(3) Settlement Class, being bound by the Settlement Agreement, including the releases set forth in the Settlement Agreement.

13. "Before approving a class-action settlement, a district court must 'determine that it [is] fair, adequate, reasonable, and not the product of collusion.'" Johnson v. NPAS Sols., LLC, 975 F.3d 1244, 1262 (11th Cir. 2020) (alteration in original) (quoting Leverso v. SouthTrust Bank of Ala., 18 F.3d 1527, 1530 (11th Cir. 1994)).  The Eleventh Circuit Court of Appeals has outlined the following factors that courts should consider when making this determination:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

Faught v. Am. Home Shield Corp., 668 F.3d 1233, 1240 (11th Cir. 2011).

14. Specifically, the Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate given the following factors, among other things:

    A.  All claims and all lawsuits consolidated and/or coordinated within the above-captioned proceeding are complex and time-consuming, and would have continued to be so through summary judgment and/or trial if it had not settled;

    B.  Class Counsel had a well-informed appreciation of the strengths and weaknesses of the action while negotiating the Settlement Agreement;

    C.  The relief provided for by the Settlement Agreement is well within the range of reasonableness in light of the best possible recovery and the risks the parties would have faced if the case had continued to trial;

    D.  The Settlement Agreement was the result of arms' length, good faith negotiations and exchange of information by experienced counsel; and

    E.  The reaction of the Settlement Classes has been positive. There have been no objections to the settlement by any class member.

15. All claims and all lawsuits consolidated and/or coordinated within the above-captioned proceeding are hereby dismissed with prejudice and terminated, and shall not be remanded to any transferor court.  Except as otherwise provided herein or in the Settlement Agreement, such dismissals and terminations shall occur without costs to Plaintiffs or Defendants.  All Rule 23(b)(2) Settlement Class Members are hereby enjoined from, asserting on other than an individual basis, e.g., using the class action device or on a mass, aggregate, or multi-plaintiff basis, to

assert Rule 23(b)(2) Settlement Class Released Claims against any Released Party arising on or before the Injunctive Relief Termination Date and such claims may only be asserted on an individual basis. All Rule 23(b)(3) Settlement Class Members hereby release all Released Parties for Rule 23(b)(3) Released Claims, and are hereby enjoined from instituting, maintaining or prosecuting, either directly or indirectly, any lawsuit or Claim that asserts Rule 23(b)(3) Released Claims.

16. Pursuant to the Settlement Agreement, as of the Effective Date, Plaintiffs, the Rule 23(b)(2) Settlement Class Members and the Rule 23(b)(3) Settlement Class Members shall be deemed to have fully, finally and forever released and discharged the Released Parties from any and all Rule 23(b)(2) Released Claims and/or Rule 23(b)(3) Released Claims, respectively, as each of those terms are defined in the Settlement Agreement.

17. The Settlement Agreement contemplates that, following entry of this Order, the Court will enter the Parties' Consent Injunctive Relief Order, which the Court will separately enter later today.

18. **<u>ATTORNEYS' FEES AND COSTS</u>** –

Pursuant to Fed. R. Civ. P. 23(h), Class Counsel applied to the Court for an award of attorneys' fees, and costs.

19. The Court notes that the requested amounts were included in the notice materials disseminated to the Settlement Classes and there have been no objections to the requested amounts.

20. The Court, having reviewed the declarations, exhibits, and memoranda submitted in support of the request for attorneys' fees and reimbursement of costs,

approves an award of attorneys' fee and costs to Class Counsel in the amount of $3,833,333 and $238,008.10, respectively. The Court finds that these amounts are reasonable and appropriate under all circumstances presented.

21. The Settlement Administrator is further approved to reimburse its reasonable costs from the Settlement Fund prior to the distribution to the Rule 23(b)(3) Settlement Class Members.

22. The Settlement Administrator is directed to distribute the balance of the Settlement Fund to participating Rule 23(b)(3) Settlement Class Members as expressly set forth in the Settlement Agreement. Should funds remain for *cy pres* distribution, the parties' selected organizations, the Southern Center for Human Rights and Inclusiv, are approved to each receive 50% of such residual funds.

23. The Court expressly retains exclusive and continuing jurisdiction, without affecting the finality of this Order, over the Settlement Agreement, including all matters relating to the implementation and enforcement of the terms of the Settlement Agreement. Nothing herein, including the Court's retention of jurisdiction over the Settlement Agreement, shall be a basis for any Party, including any class member, to assert personal jurisdiction over any other Party or Trans Union LLC in the Northern District of Georgia in any matter other than a matter seeking to enforce the terms of the Settlement Agreement.

24. If the Effective Date, as defined in the Settlement Agreement does not occur for any reason whatsoever, this Final Approval Order shall be deemed vacated and shall have no force or effect whatsoever.

25. The parties are hereby directed to carry out their obligations under the Settlement Agreement.

26. There being no just reason for delay, the Court directs this Final Order be, and hereby is, entered as a final and appealable order. The Clerk is **DIRECTED** to close this case.

**It is SO ORDERED.**

Dated: October 3, 2023

_____
HON. J. P. BOULEE
UNITED STATES DISTRICT JUDGE